ENGLAND *v.* CLEVELAND.

4-4027

Opinion delivered November 4, 1935.

*E. L. Carter,* for appellant.
*House, Moses & Holmes,* for appellee.

McHANEY, J.   This is a suit for specific performance by appellant against appellee to compel him to convey an undivided one-half interest in and to certain tracts of land in Saline County, Arkansas.   Appellee owned in fee a twenty-acre tract of land and the mineral rights in four other tracts of land, two forty-acre tracts and two two and one-half-acre tracts, all of which had been permitted to forfeit for taxes.   All of it had possibility for mining for bauxite.   Appellant conceived the idea of clearing the title to this land, and undertook to make a contract with appellee for one-half interest therein, if he succeeded in doing so.   He submitted a proposed form of contract to appellee for this purpose, but this instrument was never signed by appellee, but he wrote to appellant that, if he cleared the title and brought the deeds to the property to him, he would sign the contract.   The title to all of this property with the exception of the two

forty-acre tracts was cleared by appellant. These latter had forfeited to the State, and the State had sold them to two gentlemen by the name of Halbert. Appellant tried to get a quitclaim deed from the Halberts to these tracts, but refused to pay them the sum demanded, $250 each. In July, 1934, Mr. Evans, who appears to have been associated with appellant in the proposed deal, wrote appellee that the Halberts held the State's deeds to these forty-acre tracts, and offered to quitclaim them for $250 each; that he feared that the State's title would pass to some one else, unless appellee purchased same from the Halberts. Shortly thereafter, appellee, through his attorney, procured quitclaim deeds from the Halberts at an expense of $500, and he thereupon notified appellant that he would convey to him a one-half interest in all the property to which appellant had cleared the title, but that he refused to convey a one-half interest in the two forty-acre tracts for which he had paid $500 to clear the title. Appellant thereupon sent appellee his check for $500 to pay the cost of the two deeds from the Halberts which appellee refused to accept, but returned same to his attorney in Little Rock, with directions to handle the matter as to him seemed best. The check was never cashed. This action was shortly thereafter instituted, and on a trial the court decreed that appellant was not entitled to any interest in the two forty-acre tracts, but that appellee should convey to him an undivided one-half interest in the other tracts, and should return his unpaid check. From this judgment comes this appeal.

We think the court correctly decided the matter, and that furthermore appellant was not entitled to a one-half interest in the two forty-acre tracts. It is contended by him that the forfeiture to the State was void, and that he could have cancelled the deeds to the Halberts by suits for this purpose. Appellee, however, was not required to take this risk, and did not do so. Instead he settled with the Halberts and received quitclaim deeds to the land, which he had a right to do. We are of the opinion that the contract relative to the clearing of the title to these tracts of land was severable, and that appellee had the right to clear the title himself to the forty-acre tracts

without being obligated to convey a one-half interest therein to appellant under the circumstances of this case.

The decree is accordingly affirmed.